UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAFAA ELWAKIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2648** |
| **TARGET MEDIA PARTNERS OPERATING COMPANY, LLC** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

### ORDER

Before the Court is a **Motion to Dismiss (R. Doc. 7)** filed by Defendant Target Media Partners Operating Company, LLC ("Target") seeking an order from this Court dismissing, with prejudice, Plaintiff Wafaa Elwakil's[1] ("Elwakil") claims against it.[2] The motion was heard on the briefs on December 7, 2011. Elwakil opposes the motion. (R. Doc. 12.)

**I.     Background**

Elwakil filed suit against Target pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and "other statutory or regulatory prohibitions against discrimination and harassment and retaliation." (R. Doc. 1-1, ¶ 13.) Elwakil, an Arab, Egyptian, Muslim woman, alleges that she was unlawfully discriminated against by Target on the basis of her

---

[1]Plaintiff Wafaa Elwakil was incorrectly named at Wafaa Elwakin in her original petition. (R. Doc. 1-1, p. 2.)

[2]The Magistrate Judge is acting upon consent of the parties under 28 U.S.C. § 636(c). (R. Doc. 11.)

ethnicity[3], and/or national origin, and religion. (R. Doc. 1-1, ¶ 6.)

Elwakil alleges that on or about February 1, 2009, her white male manager was replaced by an African American female manager, who made negative comments about her ethnicity, and/or national origin, and religion. (R. Doc. 1-1, ¶¶ 5-6.) Elwakil further alleges that her manager physically threatened and threw an object at her while in a sales meeting with other employees. (R. Doc. 1-1, ¶ 7.) Elwakil's complaint generally alleges that she was required to perform work that other employees were not required to perform, or not required to perform at the same level, time, and effort as Elwakil. (R. Doc. 1-1, ¶ 8.)

Elwakil's complaint states that she was terminated on February 23, 2009, after she objected to being threatened by her manager, and filed a criminal complaint for assault against her. (R. Doc. 1-1, ¶ 9.) Elwakil alleges that she has suffered injury and damages as a result of Target's and its officers', employees', and agents' "negligence, discrimination, harassment, retaliation, and other torts" and seeks damages for mental anguish, emotional distress, lost or diminished reputation, and lost wages. (R. Doc. 1-1, ¶¶ 13-14.)

On October 20, 2009[4], Elwakil filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (R. Doc. 7-4, p. 3.) The EEOC issued Elwakil a Notice of Right to Sue on March 29, 2011. (R. Doc. 1-1, ¶ 11.) Elwakil filed the instant complaint in the 24th Judicial District Court of Jefferson Parish, Louisiana on June 27, 2011, and her complaint was removed to this Court on October 21, 2011. (R. Doc. 1.)

---

[3]Elwakil states that she is of Arab decent, which is considered a "race" by the U.S. Supreme Court. *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

[4]Although Elwail's complaint states that she filed her Charge of Discrimination on June 13, 2007, the signed Charge of Discrimination received by the Court is dated October 20, 2009. (R. Doc. 7-4, p. 3.)

As to the instant motion, Target seeks an order from this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissing Elwakil's claims against it for failure to state a claim upon which relief can be granted. Target argues that Plaintiff's state law claims have prescribed. Target further argues that, with the exception of her retaliation claim, Elwakil failed to preserve her federal law claims. Finally, Target argues that Elwakil has failed to establish a prima facie case for discrimination based on race, national origin, religion, or retaliation.

In opposition, Elwakil claims that the only claims asserted in her complaint are federal law claims - not state law claims. Elwakil further argues that all of her federal claims were preserved. Elwakil further contends that her federal claims should not be dismissed. Alternatively, she argues that she should be granted leave to amend her complaint to cure any deficiencies.

**II.     Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1960, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal

conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III.   Analysis**

    **A.   Elwakil's State Law Claims**

In support of its motion, Target argues that Elwakil's state law claims should be dismissed with prejudice because they have prescribed. Target states that it is unclear what is meant by Elwakil's allegation that Target's actions constitute violations of "other statutory or regulatory prohibitions against discrimination and harassment and retaliation." However, to the extent Elwakil asserts claims under state law, those claims have prescribed and should be dismissed.

In opposition, Elwakil contends that despite language in paragraph 14 of her original petition that seems to indicate that she intended to assert state law claims, the only claims asserted are claims of discrimination and retaliation in violation of Title VII. Thus, to the extent that Elwakil did assert state law claims, those claims are dismissed with prejudice, as they were withdrawn by Elwakil.

    **B.   Elwakil's Title VII Claims**

        **1.   Elwakil's Complaint and Charge of Discrimination**

Here, Target's argument is *not* that Elwakil failed to exhaust her administrative remedies with respect to her claims of discrimination based on race, national origin, and religion, *or* that

Elwakil failed to assert those claims in her complaint, but that those claims should be dismissed because Elwakil's complaint states that she limited her Charge of Discrimination to retaliation.

In opposition, Elwakil argues that she did in fact preserve her claims of discrimination based on race, national origin, and religion by checking off the corresponding boxes and providing a description of Target's discriminatory acts in the "the particulars are" section of her Charge of Discrimination. Elwakil further contends that her complaint clearly asserts claims of discrimination based on race, national origin, and religion as well as retaliation, and that it should be read liberally as to not preclude these claims based on one statement in her complaint.

An employment discrimination plaintiff must exhaust her administrative remedies before she may pursue claims in federal court. *Taylor*, 296 F.3d at 378-79. In order to exhaust her administrative remedies, a plaintiff must first file a timely charge with the EEOC and receive notice of right to sue. *Id.* An employment discrimination suit can be dismissed where it is not based on or related to the specific claims made in the plaintiff's Charge of Discrimination. *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1992).

A close review of Elwakil's Charge of Discrimination[5] reveals that she did in fact identify race, national origin, religion, and retaliation as the basis for her claims by checking the corresponding boxes in the "discrimination based on" section of her Charge of Discrimination. (R. Doc. 7-4, p. 3.) Elwakil further detailed her claims of discrimination based on race, national origin, religion, and retaliation in the "the particulars are" section of the form. (R. Doc. 7-4, p. 3.) Further,

---

[5]In ruling on a motion to dismiss, the Court generally "must not go outside the pleadings." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546(5th Cir. 2010) (citing *Scalan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). However, the Court may consider documents attached to a motion to dismiss that "are referred to in Plaintiff's complaint and are central to Plaintiff's claim." *Id.* (citing *Scalan*, 343 F.3d at 536); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Here, Plaintiff's Charge of Discrimination was attached to Target's motion to dismiss and referred to in Plaintiff's complaint. See R. Docs. 1-1, ¶ 10; 7-4. Further, Plaintiff must filed a Charge of Discrimination before filing suit in this Court. Thus, the Court may consider this document.

Elwakil's complaint explicitly states that her former manager made negative comments about her ethnicity, national origin, and religion. (R. Doc. 1-1, ¶ 6.)

Because Elwakil identified race, national origin, religion as the basis for her claims on her Charge of Discrimination, and because she explicitly alleged in her complaint that her former manager acted in a discriminatory manner towards her because of her race, national origin, and religion, dismissal of Elwakil's claims is not warranted solely because she incorrectly stated in her complaint that she filed a Charge of Discrimination "alleging retaliation."

### 2. Discrimination on the Basis of Race, National Origin, and Religion

Alternatively, Target argues that Elwakil has failed to establish valid claims of discrimination. Target contends that "negative comments" over twenty days, and one incident in which Elwakil was physically threatened and an object was thrown at her, were isolated and do not rise to the level of discrimination actionable under Title VII.

In opposition, Elwakil contends that her former manager's discriminatory acts were not an isolated incident, but rather a series of discriminatory acts that escalated over time. Elwakil concedes that her former manager's comments about her race, national origin, and religion might not rise to the level of discrimination actionable under Title VII. Elwakil argues, however, that when taken in conjunction with her allegations that she was required to perform more work than her co-workers, and that she was terminated when she objected to her manager's discriminatory conduct and filed a criminal complaint, it is clear that she has asserted a valid claim of discrimination. She further argues that her complaint is comprised of relatively simple and straightforward allegations of discrimination against an Arab, Egyptian, Muslim woman, that are plausible - particularly in this post-9/11 world.

Title VII of the Civil Rights Act of 1964 ("Title VII") provides in relevant part that "[I]t shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, the plaintiff must demonstrate that he (1) belonged to a protected group; (2) was qualified for the position; (3) suffered an adverse employment action; and, (4) was replaced with a similarly qualified person who is not a member of his group, or in the case of disparate treatment, that similarly situated employees were more favorably treated. *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir.2003).

A claim for religious discrimination under Title VII can be asserted under several different theories of liability, including disparate treatment, disparate impact, and failure to accommodate. *See, e.g.*, *Lee v. Conecuh County Bd. of Ed.*, 634 F.2d 959 (5th Cir. 1981). In addition, Title VII's prohibition against religious discrimination covers separate claims against an employer for subjecting an employee to a hostile work environment or for retaliating against an employee who has opposed an unlawful employment practice. *Ellis v. Principi*, 246 Fed. Appx. 867 (5th Cir. 2007); *Malouse v. Winter*, 338 Fed. Appx. 356 (5th Cir. 2009).

Here, Elwakil alleges that over the course of approximately three weeks, her supervisor made negative comments about her race, national origin, and religion, required her to perform work that her co-workers were not required to perform, physically threatened her, threw an object at her, and eventually terminated her. The Court liberally construes these allegations as claims for disparate treatment and hostile work environment.

To establish a disparate treatment claim, Elwakil must show that a similarly situated

employee was treated differently under circumstances "nearly identical" to hers.[6]  *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005)(quoting *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995)).  To establish a hostile work environment claim based on religion, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was the victim of uninvited harassment; (3) the harassment was based on her religion; and (4) the harassment affected a term, condition, or privilege of her employment.  *Harvill v. Westward Communications, LLC*, 433 F.3d 428, 434 (5th Cir. 2005).  A hostile-work environment claim based on race or national origin requires that Elwakil establish a prima facie case that (1) she is a member of a protected class; (2) she was subject to unwelcome harassment; (3) the harassment affected a term or condition of her employment; and (4) Target knew or should have known about the harassment and failed to take prompt remedial action.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347 (5th Cir. 2007).

Courts consider whether the defendant's acts were isolated when evaluating whether the plaintiff has stated a prima facie case of discrimination.  *See, e.g.*, *Jackson v. Wilson Welding Serv., Inc.*, No. 10-2843, 2012 WL 12807, at *5, 2012 U.S. Dist. LEXIS 761, at *15-16 (E.D. La. Jan. 4, 2012); *Moore v. Metropolitan Human Service Dist.*, No. 09-6470, 2010 WL 1462224, at *4-5, 2010 U.S. Dist. LEXIS 34808, at *18-20 (E. D. La. April 8, 2010).  However, the prima facie case is an evidentiary standard used in assessing motions for summary judgment - not a pleading requirement.  *Swierkiewicz v. Sorema N.A.*, 122 S. Ct. 992 (2002).  Accordingly, Elwakil need not plead facts

---

[6]"Nearly identical circumstances exist when: . . . the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.  And, critically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions.  If the 'difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer,' the employees are not similarly situated for the purposes of an employment discrimination analysis."  *Lee v. Kansas City Souther Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (internal citations omitted).

establishing every element of her prima facie case to survive a motion to dismiss, but under *Twombly* she must state a plausible claim for relief. *Moore*, 2010 WL 1462224 at *3.

Here, Elwakil alleges that she was subjected to discriminatory treatment and threatening behavior due to her race, national origin, and religion, and required her to perform work that her co-workers were not required to perform. As alleged, it is plausible that Elwakil was treated differently than similarly situated employees, and subjected to harassment because of her race, national origin, and religion - and that discovery will reveal evidence of each element of her claim. Accepting all well-pleaded facts as true, and viewing the complaint as a whole - rather than any one statement in isolation - the Court finds Elwakil has established facially plausible claims for disparate treatment and hostile work environment on the basis of her race, national origin, and religion.

### 3. **Retaliation**

In support of its motion, Target argues that Elwakil has failed to establish a prima facie case of retaliation. Target further argues that the facts pled are too vague to support a claim of retaliation, as they do not state when, to whom, or to what Elwakil objected.

In opposition, Elwakil argues that her complaint sufficiently alleges that she was terminated immediately after she objected to her employer's discriminatory conduct, and filed a criminal complaint for assault. She further argues that her allegations that she engaged in protected activity and suffered an adverse employment action as a result are sufficient to survive a *Twombly* challenge.

Title VII provides that "[I]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . ." 42 U.S.C. § 2000e-3(a). In order to state a claim for retaliation, a plaintiff must allege (1) she was engaged in protected activity, (2) she was

subjected to an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 129 (5th Cir. 2011).

Here, Target argues that Elwakil has not alleged facts to constitute a prima facie case of retaliation. However, as explained above, the prima facie case is an evidentiary standard used in assessing motions for summary judgment - not a pleading requirement. Here, Elwakil alleges that she was terminated after she "objected to being threatened on discriminatory grounds". (R. Doc. 1-1, ¶ 9.) It is well established that under Title VII, a plaintiff engages in protected activity when she has either "(1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-3(a)). Thus, Elwakil engaged in protected activity. Further, Elwakil's complaint draws a causal connection between her protected activity and her termination. Accepting the facts as true and drawing all reasonable inferences in favor of Elwakil, the Court finds that Elwakil has pled sufficient facts to state a plausible claim for retaliation.

## IV.   Conclusion

**IT IS ORDERED** that Target's **Motion to Dismiss (R. Doc. 7)** is hereby **GRANTED IN PART AND DENIED IN PART**;

The motion is **GRANTED** as to Target's request that the Court dismiss Elwakil's state law claims of negligence, discrimination, harassment, retaliation, and other torts. Such claims are voluntarily **DISMISSED WITH PREJUDICE**, as Elwakil indicated an intent to withdraw any state law claims;

The motion is **DENIED** as to Target's request that the Court dismiss Elwakil's Title VII claims of discrimination.

New Orleans, Louisiana, this 29th day of February 2012.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**