UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WAFAA ELWALKIN | * | CIVIL ACTION |
| | * | NO. 11-2648 |
| v. | * | |
| | * | JUDGE LEMELLE |
| TARGET MEDIA PARTNERS | * | MAGISTRATE JUDGE ROBY |
| OPERATING COMPANY LLC | * | |
| | * | |
| *    *    *    *    *    *    *    * | | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE EXHIBITS AND AFFIDAVIT**
**SUBMITTED BY TARGET MEDIA PARTNERS**
**OPERATING COMPANY, LLC**

MAY IT PLEASE THE COURT:

The Defendant, Target Media Partners Operating Company, LLC, has filed a Motion for

Summary Judgment. In this motion and the accompanying motion papers, they rely heavily upon

the affidavit of Linda Coffman (R. Doc. 41-8) and the various papers contained in MSJ Ex. E (R.

Doc. 41-9). It is important to recall that as part of the <u>McDonnell-Douglas</u> burden shifting regime

defendant bears the burden of proof at the middle stage of the analysis, the purported legitimate

non-discriminatory reason for its action. All of the papers at issue bear to some degree on that

issue, as well as other issues put before the court by the motion for summary judgment.

## I.      The Particular Exhibits at Issue

### A.      Linda Coffman's Affidavit

In support of the motion for summary judgment the affidavit of Linda Coffman. This

affidavit is not notarized, and therefore is not even a sworn declaration. Additionally, it does not

contain the language necessary to make it substantially equivalent to an affidavit pursuant to 28

U.S.C. §1746. The relevant portions of FRCP 56 provide:

> (c) Procedures.
>
> (1) Supporting Factual Positions. **A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:**
>
> **(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials**; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.**

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order

(bold emphasis added)

An unsworn affidavit may not be used to support or oppose a Rule 56 motion for summary judgment. In re: Favre, 342 Fed. Appx. 5 (5th Cir. 2009); Pollack v. Pollack, 154 F.3d 601, 612 n. 20 (6th Cir. 1998). An unsworn affidavit which does not contain the correct statutory language is similarly not admissible as a 28 U.S.C. §1746 declaration to support or oppose a motion for summary judgment. Pollack, 154 F.3d at 612 n. 20; Hogan v. Rent-A-Center, Inc., 228 F.Supp.2d 802 n.8 (S.D. Ohio 2002).

Particular paragraphs in Ms. Coffman's affidavit are deficient for other reasons, and should therefore be stricken individually in the event that her affidavit as a whole is considered by the Court. Paragraph 44 contains rank double hearsay as Ms. Coffman is describing a telephone call between the plaintiff and Ms. Domineck that purportedly contained a resignation. If it is assumed that Ms. Coffman's affidavit is somehow admissible, inadmissible hearsay is also

stricken from an affidavit that would otherwise be admissible for summary judgment purposes.

See Hernandez v. Yellow Transp., Inc., 641 F.3d 118, 124-125 (5th Cir. 2011); Bush v. Barnett

Bank of Pinellas County, 916 F.Supp. 1244, 1256 (M.D. Fla. 1996).

Also, paragraphs 23, 24, 26, and 27 all start with the language  "To the best of my

knowledge . . . " and go on to state a negative assertion in each paragraph. (R. Doc. 41-9 at pp. 2-

3.) Ms. Coffman does not provide a basis for her personal knowledge of the negative assertions

at issue, reporting of events to HR or making complaints about the meeting at issue in this

litigation. Rather, the linguistic formulation is not an affirmative statement based on personal

knowledge, but is a statement of lack of knowledge that both could be made by anyone and is

without evidentiary value. As statements made without personal knowledge these paragraphs

should be stricken. See Automatic Radio Mfg. Co. v. Hazeltine Research, 339 U.S. 827, 70 S.Ct.

894, 896 (1950); Briggs v. Potter, 463 F.3d 507, 512 (6th Cir. 2006). Therfore, paragraphs 23,

24, 26, and 27 should also be stricken.

**B.     The Unauthenticated Documents in Exhibit E Do Not Comport With FRCP
        56 (c), and the Appropriate Remedy Is To Strike Them**

Exhibit E to the motion for summary judgment contains a collection of documents related

to the criminal investigation and proceedings against Ms. Domineck. These documents are not

authenticated by any affidavit or sworn declaration, and therefore should be stricken.

The federal courts have consistently held that the correct application of Rule 56(c) is that

in order to constitute proper summary judgment evidence documents that are not already part of the record, even if the documents had been obtained in discovery, must be authenticated by affdavit. See In re: Favre, 342 Fed. Appx. 5, 8 (5th Cir. 2009); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994); Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 15 (1st Cir. 2006); Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) ("We agree that the supervisors' failure to authenticate precludes consideration of their supporting documents. Documents supporting or opposing summary judgment must be properly authenticated."); Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993); Duplantis v. Shell Offshore, Inc., 948 F.2d 187 (5th Cir. 1991); Article II Gun Shop, Inc. v. Gonzales, 441 F.3d 492, 496 (7th Cir. 2006); Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005); Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 924 (9th Cir. 1987). When a document is not properly authenticated by an affidavit, the paper is properly disregarded in the evaluation of the pending motion for summary judgment. Stuart v. General Motors Corp., 217 F.3d 621, 635, n. 20 (8th Cir. 2000); Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000).

Even if the defendant urges that the documents they attached to their Motion for Summary Judgment are highly probative of the issues in that motion, so long as they are not properly authenticated those papers cannot be considered. In re: Harris, 209 F.R. 990, 996 (B.A.P. 10th Cir. 1997); Toney v. Cuomo, 92 F.Supp.2d 1186, 1196 (D.Kan. 2000). The appropriate remedy is to strike the offending documents from the record. Cline v. City of Seattle, 2007 WL 2671019, *3-4 (W.D. Wash. Sept. 7, 2007), Haskins Trucking, Inc. v. Goodyear Tire &

Rubber Co., 2008 WL 1775272 (W.D. La. April 17, 2008); Sissom v. Purdue Univ., 2006 WL 897572 (N.D. Ind. March 31, 2006). Moreover, it is appropriate to strike such documents at the summary judgment stage of the proceedings without regard to whether the summary judgment movant might be able to render the documents admissible through the laying of a proper evidentiary foundation at trial. Richardson v. Oldham, 811 F.Supp. 1186, 1197 (E.D. Tex. 1992). Additionally, any portion of the listing of uncontested material facts based upon the stricken exhibits should likewise be stricken. Renaldi v. Sears Roebuck and Co., 2001 WL 290374 (N.D. Ill. March 12, 2001). Similarly, the Court should disregard any portion of the Intervenors' memorandum and argument that is based upon the unauthenticated exhibits. Blount v. Connecticut Gen. Life Ins. Co., 2002 WL 31974405 (D. Or. July 2, 2002).

Indeed the Fifth Circuit has held that the prohibition on consideration of unauthenticated documents attached to a motion for summary judgment is so strong that it is an abuse of discretion for a trial court to consider such documents. Travland v. Ector County, Texas, 39 F.3d 319, 1994 WL 612342 (5th Cir. 1994).

Moreover, this Honorable Court has considered this exact issue several times in recent years.

First, in Granger v. Christian Health Ministries, 2002 WL 1379126 (E.D.La. June 25, 2002)(Africk, J.), this Court refused to consider unauthenticated documents submitted in support of a motion for summary judgment. In this opinion the Court surveyed the Fifth Circuit law in

reaching its holding that the unauthenticated documents could not be considered with regard to a summary judgment. Id. at *8, n. 19.

Second, in Thomas v. United States, 2005 WL 757268 (E.D. La. March 31, 2005) (Africk, J.), citing, Duplantis v. Shell Offhshore, Inc., 948 F.2d 187, 191 (5th Cir. 1991), this Court refused to consider physicians' statements that were not in affidavit form.

Third, and quite recently, in Day v. Lockheed Martin Space Systems Co., 2008 WL 718142, *4 (E.D. La. March 14, 2008) (Africk, J.), this Court again applied the prevailing Fifth Circuit rule against unauthenticated summary judgment exhibits, and held that unauthenticated letters would not be considered by the Court in its analysis of the motion for summary judgment and opposition before it.

As Judge Berrigan held in Dabon v. Aetna Life Ins. Co., 2002 WL 461518 (E.D.La. March 25, 2002), when the deficient attachments are required as proper foundation for the summary judgment sought by the movant, the motion must be denied.

## CONCLUSION

Ms. Coffman's affidavit should be stricken in its entirety as it is unsworn. Additionally, even if the affidavit is somehow considered as a whole, it is respectfully submitted that the Court should disregard the paragraphs numbered 23, 24, 26, 27, and 44 as they contain inadmissible

hearsay or are not statements made on personal knowledge. Additionally, the unauthenticated

documents contained in Ex. E to the motion for summary judgment should be stricken for the

lack of authentication by affidavit or sworn statement. Plaintiff respectfully urges the Court to

strike the material described herein and only consider defendant's motion for summary judgment

with the remaining evidence attached to it and/or the memorandum in support thereof.


                            Respectfully Submitted,


                            ____s/Donald L. Hyatt, II_____
                            DONALD L. HYATT, II (24808)
                            DONALD L. HYATT, II APLC
                            Energy Centre, Suite 2960
                            1100 Poydras St.
                            New Orleans, LA 70163
                            Telephone: (504) 582-2466
                            Facsimile: (504) 582-2422
                            E-mail: hyattlaw@aol.com
                            ***COUNSEL FOR THE PLAINTIFF,***
                            ***WAFAA ELWAKIL***

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2012, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to all CM/ECF participants. I further certify that I mailed the foregoing document by first

class mail to all non-CM/ECF participants.


_____s/Donald L. Hyatt, II_____