UNITED STATES OF AMERICA
DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAFAA ELWAKIN | CIVIL ACTION NO. 2011cv02648 |
| VERSUS | |
| TARGET MEDIA PARTNERS<br>OPERATING COMPANY LLC | JUDGE (B)<br>MAGISTRATE JUDGE<br>(4) |

### TARGET MEDIA PARTNERS OPERATING COMPANY LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LINDA COFFMAN'S AFFIDAVIT AND KENNER POLICE DEPARTMENT RECORDS

MAY IT PLEASE THE COURT:

The Defendant, Target Media Operating Company, LLC ("Target Media"), filed a Motion for Summary Judgment, which is set for submission on September 5th.  Attached to said Motion was Exhibit D, an Affidavit of Linda Coffman, a Vice President with Target Media, and Exhibit E, a copy of Kenner Police Department records showing calls by the Plaintiff.  Plaintiff has filed a Motion to Strike both documents.

Plaintiff raised three arguments to strike said Affidavit: 1) that the Affidavit was not notarized, and 2) that paragraphs 23, 24, 26, 27 were not based on personal knowledge and 3) that paragraph 44 was impermissible hearsay.

The Affidavit was signed by Ms. Coffman, and had a signature line for undersigned counsel as notary. It was an oversight that the notary line remained unsigned as the affidavit was in fact signed in front of undersigned counsel and is otherwise in proper form.  Defendant now submits this notarized affidavit, and attaches it to this Opposition and has attached it to the reply memorandum filed in the Motion for Summary Judgment as well.

While it is true that an Affidavit must be notarized or sworn under penalty of perjury, the very case cited by the Plaintiff suggests that courts should allow that deficiency to be remedied.[1] Defendant requests that it be permitted to remedy this oversight.

Alternatively, Plaintiff argues that certain paragraphs should be struck because they are not based on personal knowledge. The Affidavit clearly states that Ms. Coffman is Vice President of the Company, it then details her knowledge of the email exchange between Plaintiff and Toya Domineck and about agreeing with certain decisions made by Domineck. Ms. Coffman also states she was present at the Sales Meeting of February 16th where Plaintiff alleges she was treated in a discriminatory manner when Toya Domineck waved a paper towel roll at her. (hereinafter "2/16 Sales Meeting" ).

Coffman states in paragraphs 23, 24, 26, and 26 that to the best of her knowledge, nobody made complaints about the 2/16 Sales Meeting to Human Resources or followed the harassment policy. She also states that Plaintiff did not follow the harassment policy or complain to Human Resources. Presumably, a Vice President of the Company who was at the meeting would be aware of complaints. Also, the points about Plaintiff's complaints are moot since Plaintiff herself admits she did not complain because it was futile.

In paragraph 44, Coffman states that the Plaintiff resigned in a telephone call and later changed her mind. This is not impermissible hearsay because it is not offered to prove what the

---

[1] See *In re: Favre*, 342 Fed. Appx. 5 (5th Cir. 2009):
In concluding that court did not abuse its discretion in ruling on summary judgment and excluding affidavits, the court noted that Favre had ample opportunity to respond to Lyndon's motion for partial summary judgment, waited almost eight months after the bankruptcy court issued its opinion granting partial summary judgment to address the evidentiary deficiencies discussed, and even then, even after admitting that the evidence he offered in response to Lyndon's motion was insufficient, failed to correct those deficiencies or offer admissible evidence that would create a question of material fact. He also failed to explain how evidence would have helped his case.

Plaintiff said in the call, but what Domineck and she understood about the call.  This is important to show that Coffman believed that Plaintiff was resigning and changed her mind.   Coffman is establishing that Domineck never said anything different about what transpired like, "I terminated her"  Earlier in the Affidavit, Coffman discusses her awareness of the email exchange (which was forwarded to her), and her awareness of Toya Domineck's decision to let the resignation stand.  She obviously had conversations with Domineck and was consulted about what was going on with Plaintiff.

      As for the documents labeled Exhibit E, those were part of discovery and also obtained by a records request.  The attached Affidavit indicates that they were produced as part of discovery.

      In conclusion, Defendant respectfully requests that Plaintiff's Motion to Strike be denied and requests all other equitable and legal relief to which it is entitled.

Respectfully Submitted:

**Law Office Of Alexandra Mora**

By:    /s/ Alexandra E. Mora
       Alexandra E. Mora   Bar # 23535
       322 Lafayette St.
       New Orleans, LA 70130
       (504) 566-0233
       *Attorney for Target Media Partners Operating Company, LLC*

**I DO HEREBY CERTIFY** that on this __4____ day of September, 2012, a copy of the foregoing Opp. To Motion to Strike was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Donald L. Hyatt, II; Donald L. Hyatt, II, APLC; 1100 Poydras St., Sutie 2960; New Orleans, LA 70163; hyattlaw @aol.com; Fax No. 504-582-2422, by operation of the Court's electronic filing system.

s/Alexandra Mora_____